UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOIS DODD,

                Plaintiff,

    -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

**No. 1:16-CV-00826 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Represented by counsel, plaintiff Lois Dodd ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying her application for disabled widow's benefits ("DWB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for DWB on November 5, 2012, alleging disability as of March 1, 2010 due to high blood pressure, carpal tunnel syndrome, arthritis, hepatitis C, and vertigo. Administrative Transcript ("T.") 161-62, 186. Plaintiff's application was initially denied. T. 75. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") William M. Weir on August 11, 2014. T. 26-54. On March 27, 2015, the ALJ issued a partially favorable decision in which he found that Plaintiff had not been disabled from the alleged onset date through February 28, 2015, but had become disabled on March 1, 2015. T. 12-21. On August 24, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-3. This action followed.

## III. The ALJ's Decision

"To prevail on her widow's benefits claim, [Plaintiff] had to show that (1) she is the widow of a wage earner who died fully insured; (2) she is at least 50, but less than 60 years old; (3) she is disabled; and (4) her disability commenced within seven years of the month in which the wage earner died." *Miller v. Comm'r of Soc. Sec. Admin.*, 988 F. Supp. 2d 347, 357 (E.D.N.Y. 2013). In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920.

Initially, the ALJ determined that Plaintiff was the unmarried widow of a deceased insured worker, had attained the age of 50, and met the non-disability requirements for DWB.  T. 14.  The ALJ further found that the prescribed period in which Plaintiff was required to establish that her disability began would end on February 29, 2020.  *Id*.

At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2010, the alleged onset date.  *Id*.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of osteoarthritis, obesity, vertigo, degenerative disc disease of the lumbar spine, and carpal tunnel syndrome.  T. 15. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.  *Id.* The ALJ particularly considered Listings 1.02 (major dysfunction of a joint due to any cause) and 1.04 (disorders of the spine) in reaching this determination.  T. 15-16.

Before proceeding to step four, the ALJ determined that since March 1, 2010, Plaintiff retained the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b), with the following non-exertional limitations: should not work at unprotected heights or around dangerous machinery; and can occasionally use her hands.  T. 16.

At step four, the ALJ found that Plaintiff had no past relevant work. T. 19. At step five, the ALJ relied on the Medical-Vocational Guidelines to conclude that, prior to March 1, 2015, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. T. 20. The ALJ further relied on the Medical-Vocational Guidelines to find that as of March 1, 2015, when Plaintiff became an "individual of advanced age," considering Plaintiff's age, education, work experience, and RFC, there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id*. Accordingly, the ALJ found that Plaintiff was not disabled prior to March 1, 2015, but that she became disabled on that date and continued to be disabled through the date of the ALJ's decision. *Id*.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole

4

record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that the ALJ erred in finding that she was not disabled prior to March 1, 2015. In particular, Plaintiff argues the ALJ improperly evaluated her carpal tunnel syndrome, including by relying on a stale medical opinion and by failing to develop the record. For the reasons set forth below, the Court finds that remand of this matter for further administrative proceedings is necessary.

**B.     Consideration of Plaintiff's Carpal Tunnel Syndrome**

Plaintiff argues that remand of this matter for further administrative proceedings is required because the ALJ did not properly consider the scope and impact of her carpal tunnel syndrome, resulting in an RFC finding not supported by substantial evidence. The Court agrees with Plaintiff that the ALJ's consideration of her carpal tunnel syndrome was inadequate and that further development of the record and additional administrative proceedings are necessary.

5

Consultative physician Dr. Donna Miller examined Plaintiff on February 15, 2013. T. 277-81. Plaintiff reported a history of bilateral carpal tunnel syndrome, and told Dr. Miller that her doctor had recommended surgery, but she wanted to proceed with more conservative treatment. T. 277. On physical examination, Dr. Miller found that Plaintiff had intact hand and finger dexterity and full grip strength bilaterally, as well as a full range of motion in her wrists and forearms. T. 280. Dr. Miller assessed Plaintiff with bilateral carpal tunnel syndrome and opined that she had a mild limitation in performing repetitive motion with her hands and wrists. *Id*.

On July 21, 2013, more than five months after her examination by Dr. Miller, Plaintiff reported to the emergency room due to pain and swelling in her right hand. T. 299-307. Plaintiff was in a moderate amount of pain and had a limited range of motion in the right hand and wrist. T. 300-301. She was discharged in stable condition with instructions to follow-up with her primary care physician. T. 301.

Dr. Nyathappa Anand examined Plaintiff on March 11, 2014, and assessed her with moderate to severe bilateral carpal tunnel syndrome. T. 396. Plaintiff had a positive Tinel sign in both hands and her finger grip was 4+/5 bilaterally. *Id*. Dr. Anand ordered an EMG nerve conduction study to assess the severity of the carpal tunnel syndrom (*id*); however, no EMG study results appear in the record.

At the hearing, Plaintiff testified that her carpal tunnel syndrome had worsened about one year prior (roughly around the time she reported to the emergency room) and that her fingers had started to become numb. T. 44. Plaintiff further testified that she had undergone surgery for her carpal tunnel syndrome, that her dominant right hand was worse than her left hand, and that she was unable to do things such as open bottles, use a can opener, use buttons or zippers, or hold a cup or silverware. T. 45-46. Plaintiff also reported that she had recently started physical therapy. T. 47.

On August 7, 2014, prior to the administrative hearing, Plaintiff's counsel sent a letter to the ALJ in which she stated that her office had been unable, despite multiple attempts, to obtain medical records from treating source Community Health Center of Niagara. T. 223. Plaintiff's counsel requested the ALJ's assistance in obtaining these records, including issuance of a subpoena if necessary. *Id*. At the hearing, Plaintiff's attorney raised this issue with the ALJ, noting that Plaintiff had requested assistance in obtaining these records and specifically informing the ALJ that Plaintiff had undergone surgery for her carpal tunnel syndrome. T. 36. The ALJ stated that he would be "happy to do that to make sure the record is complete as possible." *Id*. However, the record does not contain any indication that the ALJ in fact made any attempts to obtain these records, such as issuing a subpoena.

7

In his decision, in considering Plaintiff's carpal tunnel syndrome, the ALJ recited Dr. Miller's findings and opinion. T. 17. The ALJ further noted that Plaintiff's carpal tunnel syndrom had "flare[d] up" in July 2013 and that a March 2014 examination had revealed moderate to severe bilateral carpal tunnel syndrome. *Id*. Without any mention of the Plaintiff's testimony that she had undergone surgery for her carpal tunnel syndrome, the ALJ then asserted that "nothing in the record shows [an EMG study] was ever done or that corrective surgery was appropriate." *Id*. The ALJ ultimately assigned "significant weight" to Dr. Miller's opinion and, as set forth above, found that Plaintiff was capable of occasionally using her hands. T. 16, 19.

The Court agrees with Plaintiff that the ALJ's consideration of her carpal tunnel syndrome was wholly inadequate. "It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case, and that remand is appropriate where this duty is not discharged. . . . Encompassed in this duty is the requirement that an ALJ assemble the claimant's complete medical history and re-contact treating physicians or obtain consultative examinations where the information received is inadequate to determine whether the claimant is disabled." *Weed Covey v. Colvin*, 96 F. Supp. 3d 14, 29 (W.D.N.Y. 2015) (internal quotations omitted); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even

when the claimant is represented by counsel") (internal quotation omitted).

In this case, the record was clearly incomplete with respect to Plaintiff's carpal tunnel syndrome. The record did not contain any EMG study results despite the fact that such a study had been ordered, nor did it have any information related to the surgery that Plaintiff testified to having undergone or to her physical therapy treatments. Significantly, Plaintiff's counsel expressly identified this issue for the ALJ, and requested assistance in obtaining additional records. Inexplicably, the ALJ does not appear to have made any effort to provide such assistance, despite having stated at the hearing that he would be happy to do so. As such, the Court finds that there existed an obvious gap in Plaintiff's medical history and that the ALJ's failure to take reasonable steps to fill in this gap was error and necessitates remand.

The Court further agrees with Plaintiff that Dr. Miller's opinion did not constitute substantial evidence in support of the ALJ's conclusion that Plaintiff could occasionally use her hands. The evidence of record in this case demonstrated that Plaintiff's carpal tunnel syndrome had significantly worsened after Dr. Miller's examination. Indeed, by March 2014, Plaintiff's physician had rated her carpal tunnel syndrome as moderate to severe. "[M]edical source opinions that are . . . stale[ ] and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F.

9

Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted); *see also Girolamo v. Colvin*, 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it was 1.5 years stale as of the plaintiff's hearing date and did not account for her deteriorating condition). In this case, Dr. Miller's opinion was issued over a year before the hearing, prior to the worsening of Plaintiff's carpal tunnel syndrome and her subsequent surgery. As such, it was stale and could not constituted substantial evidence for the ALJ's RFC finding. Remand for further administrative proceedings is further warranted on this basis.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 15) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:  March 8, 2018
        Rochester, New York.